**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 26-cv-25395-JB/Torres

ICEBREAKERS, *et al.*,

*Plaintiffs*,

v.

JEANETTE NUÑEZ, *et al.*,

*Defendants*.

_________________________________/

## JOINT SCHEDULING REPORT

The parties submit this joint scheduling report in accordance with Local Rule 16.1 and the Court's Order Regarding Procedures (ECF No. 5). The parties conferred by videoconference on 8/27/26. The parties were unable to agree on a proposed scheduling order. Plaintiffs propose the schedule outlined below and in the attached proposed scheduling order. Defendants maintain that qualified immunity applies to the individual capacity claims and therefore believe that scheduling in the case is premature until that issue is resolved as raised in their motion to dismiss. *See, e.g.*, *Howe v. City of Enterprise*, 861 F.3d 1300, 1302-03 (11th Cir. 2017) (holding that a district court's order directing the parties to confer, discuss settlement, and file a Rule 26(f) report was inconsistent with the reasoning of long-standing decisions that district courts "effectively den[y] immunity" when they require officials "to further defend from liability while the immunity issue remain[s] pending" and remanding to decide the motion to dismiss invoking qualified immunity before "forcing the officials to "litigate [the plaintiff]'s claims any further")

### I. Discovery Plan

**A. Initial disclosures:** Plaintiffs served initial disclosures before the parties' scheduling conference on 8/27/26. Defendants served their initial disclosures on 8/27/26 after the

parties agreed that service of the disclosures would not constitute waiver of qualified immunity.

**B. Scope of discovery:** Plaintiffs intend to seek discovery on the Defendants' policy Regulation 110, their enforcement of it against Plaintiffs and others, and Defendants' defenses. Defendants intend to seek standing-related discovery such as that concerning Plaintiffs' planned demonstrations.

## II. Other Matters

**A. Likelihood of settlement:** Settlement is unlikely at this early juncture. Defendants maintain that there are opportunities to narrow the scope of this case to allow for streamlined presentation and resolution.

**B. Likelihood of appearance of additional parties:** Unlikely.

**C. Plaintiffs' proposed limits on the time:**

- **a. To join other parties and to amend the pleadings:** 10/30/26
- **b. To complete discovery:** 1/14/27
- **c. To file pretrial motions:** 7/16/27
- **d. To hear pretrial motions:** 7/16/27

*Defendants maintain that qualified immunity applies to the individual capacity claims and therefore believe that the proposed schedule is premature. If the individual capacity claims are dismissed, then Defendants are amenable to this schedule.

**D. Proposals for:**

- **a. The formulation and simplification of issues, including the elimination of frivolous claims or defenses:** The parties will work to simplify the issues for trial.

b. **The number and timing of motions for summary judgment or partial summary judgment:** One per side, due 3/15/27.

E. **Necessity or desirability of amendments to the pleadings:** Plaintiffs may determine that amending the Complaint may be needed in response to Defendants' motions to dismiss or any rulings thereon. Defendants have not yet answered.

F. **The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:** The parties will work to obtain admissions of fact and of documents, ESI, and stipulations on authenticity. Advance rulings from the Court on the admissibility of evidence may streamline each party's trial presentation.

G. **Suggestions for the avoidance of unnecessary proof and of cumulative evidence:** The parties will work to avoid unnecessary proof and cumulative evidence. The parties will also discuss stipulations regarding the authenticity and admissibility of relevant documents.

H. **Suggestions on the advisability of referring matters to a Magistrate Judge or master:** Plaintiffs defer to the Court on whether to refer matters to a Magistrate Judge. Defendants agree.

I. **A preliminary estimate of the time required for trial:** Three days.

J. **Requested date or dates for:**

a. **Conferences before trial:** None needed at this time.

b. **A final pretrial conference:** 8/31/27 (calendar call)

c. **Trial:** The trial period starting 9/7/27

*Defendants maintain that qualified immunity applies to the individual capacity claims and therefore believe that the proposed schedule is premature. If the individual capacity claims are dismissed, then Defendants are amenable to this schedule.

**K. Any issues about:**

a. **Disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:** None at this time.

b. **Claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:** None at this time.

c. **When the parties have agreed to use the ESI Checklist available on the Court's website, matters enumerated on the ESI Checklist:** The parties have not agreed to use the ESI Checklist, but have agreed to revisit the matter after propounding requests for production.

**L. Any other information that might be helpful to the Court in setting the case for status or pretrial conference:** Plaintiffs' requested schedule follows the Court's expedited case track, except that the requested trial date (September 2027) is the second trial period that begins at least 120 days after the 3/15/27 dispositive motion deadline (rather than the first, in August 2027). The requested trial date minimizes conflicts with students' work and travel schedules during summer break.

Defendants proposal accounts for their qualified immunity argument. That argument will be the focus on Defendants' motion to dismiss.

Respectfully submitted September 1, 2026,

/s/ Caroline A. McNamara
Nicholas L.V. Warren (FBN 1019018)
Caroline A. McNamara (FBN 1038312)
Michelle Morton (FBN 81975)
Amy Godshall (FBN 1049803)
Daniel B. Tilley (FBN 102882)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-1769
nwarren@aclufl.org
cmcnamara@aclufl.org
mmorton@aclufl.org
agodshall@aclufl.org
dtilley@aclufl.org

Adam C. Saper (FBN 111750)
Miriam Fahsi Haskell (FBN 69033)
Alana Greer (FBN 92423)
**Community Justice Project**
3000 Biscayne Boulevard, Suite 106
Miami, FL 33137
(305) 907-7697
adam@communityjusticeproject.com
miriam@communityjusticeproject.com
alana@communityjusticeproject.com

Reid Levin (FBN 1038933)
**Reid Levin, PLLC**
P.O. Box 880682
Boca Raton, FL 33488
(561) 866-6089
reid@reidlevinpllc.com

James Slater (FBN 111779)
**Slater Legal PLLC**
9000 Dadeland Boulevard, Suite 1500
Miami, FL 33156
(305) 523-9023
james@slater.legal

*Counsel for Plaintiffs*

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
**Holtzman Vogel Baran**
**Torchinsky & Josefiak, PLLC**
119 South Monroe Street, Suite 500
Tallahassee, FL 32301
(850) 270-5938
mjazil@holtzmanvogel.com
kgordon@holtzmanvogel.com

*Counsel for Defendants*