# FLORIDA BOARD OF GOVERNORS

## Regulation Development Procedure for State University Boards of Trustees

**A. Background**

In November 2002, Florida voters passed an amendment to article IX of the Florida Constitution establishing a system of governance for state universities. Under the amendment, “a board of trustees shall administer each public university and a board of governors shall govern the state university system.” A component of such governance is a procedure suitable for the state university setting that guides the state university board of trustees in their adoption of regulations. Because there is a system-wide benefit to having uniform procedures that are clearly laid out for university regulations, the Board of Governors establishes this procedure for the adoption of regulations by the state university boards of trustees.

**B. Definitions**

1. Regulations. Regulations are statements of general applicability to guide the conduct or action of constituents or the public, adopted by the university boards of trustees that implement its powers and duties. Regulations must be consistent with law and the resolutions, and strategic plan of the Board of Governors. Regulations do not include the following:

    - Internal management memoranda, which are defined as statements that do not affect the private interests of any person and which have no application outside the state university system;
    - Legal memoranda, opinions and guidelines;
    - Preparation of the state university system or a university’s budget;

- Negotiated contractual provisions, including those reached as a result of collective bargaining; and
- Curriculum and other academic requirements.

2. Select Regulations. Select regulations are regulations that pertain to student tuition and fees, admissions, and articulation which require approval by the Board of Governors in accordance with Section D hereof prior to becoming effective.

3. Substantially Affected Person. A substantially affected person shall be any natural person with an interest within the zone of interest protected or regulated who suffers a real and sufficiently immediate injury in fact as a result of the application of a regulation. A substantially affected person shall also mean any association with a majority of natural persons as members satisfying the first sentence of the subsection, as long as the subject matter of the regulation is within the association's general scope of interest and activity and the relief requested is of the type appropriate for a trade association to receive on behalf of its members.

4. Universities and University Board of Trustees. Universities and university board of trustees include the boards of trustees of each state university and New College.

**C. Regulation Development Procedures for University Board of Trustees**

1. Notice

Prior to the adoption, amendment or repeal of any regulation, except an emergency regulation, the university board of trustees shall give notice of its intended action. This notice shall be given at least 30 days prior to any proposed

board's of trustees adoption or repeal of the regulation. Notice of a proposed regulation, amendment or repeal shall include publication on a clearly marked area on the university's internet website of the following:

- Summary of the proposed regulation, regulation amendment or regulation repeal;
- The full text of the proposed regulation, regulation amendment or regulation repeal or instructions on where to view it;
- Reference to the authority for the regulation;
- The university official initiating the regulation, amendment or repeal; and
- The procedure for commenting on the proposed regulation, amendment or repeal with the name, electronic address, facsimile number, telephone number and street address of the regulation contact person where comments can be sent.

2. Comments

a. Any person may submit written comments concerning a proposed regulation, amendment, or repeal to the contact person identified in the notice within 14 days after the date of notice on the internet website.

b. In response, a university board of trustees may solicit additional written comments, schedule a public hearing, withdraw or modify the regulation, amendment, or repeal in whole or in part after notice, or proceed with adopting the regulation.

**D. Adoption**

1. A university board of trustees is responsible for adopting its regulations. Regulations, except select regulations, are adopted upon approval by the university board of trustees. The board of trustees will provide the Board of Governors with regulations adopted by the board of trustees. The Board of

Governors will notify a board of trustees of the need to revise a regulation that is inconsistent with established resolutions, regulations, or the strategic plan of the Board of Governors.

2. Select regulations, amendments or repeals filed by the university board of trustees do not become effective until the Board of Governors has approved them pursuant to this procedure. After the university board of trustees has voted to adopt a select regulation, amendment or repeal, and the board of trustees has provided a copy to the Board of Governors, the select regulation shall become effective upon the Board of Governors' approval or 60 days after being provided to the Board of Governors, whichever is sooner, unless within the 60 days the regulation has been disapproved by the Board of Governors. The Board of Governors may disapprove a university regulation on the following grounds:

- A university board of trustees materially failed to follow regulation development procedures set forth herein;
- The regulation does not comply with the law or contravenes the policies of the Board of Governors as specified in resolution, regulation, or strategic plan;
- The regulation vests unbridled discretion in the university board of trustees; or
- The regulation is arbitrary or capricious.

**E. Filing**

1. Place of Filing, Record and Effective Date

When adopted, the regulation, amendment or repeal shall be filed with the state university president or designee and posted on the internet website. When a regulation, amendment, or repeal is filed, certification of compliance with this procedure must be included, along with the record including all notices, written

comments, written summaries of hearings, and responses submitted pursuant to this procedure. The regulation, amendment or repeal shall become effective on the date of filing unless the effective date is stated otherwise.

2. Accessibility to Regulations

Regulations adopted by a university board of trustees will be easily accessible through a university's internet website. The website shall permit the public to do at least the following:

- Search notices by type, publication date, or regulation number;
- Search a permanent database that archives all notices published on the website;
- Subscribe to an automated e-mail notification of selected notice types; and
- Search by subject matter or key word current regulations.

**F. Due Process**

In implementing regulations that affect the rights of individuals, a university board of trustees will honor established due process principles to ensure that applicable due process rights are afforded to affected individuals.

**G. Monitoring Regulations**

A university board of trustees will monitor the effects of new regulations and periodically will review existing regulations to ensure they are current and consistent.

**H. Regulation Challenges**

1. Challenging a Board of Trustees Regulation

A substantially affected person may seek a determination of the invalidity of an existing regulation any time after the adoption of the regulation. The petition

seeking such determination must state with particularity the grounds for alleging that the regulation is an invalid exercise of authority, and a sufficient explanation of the facts showing that the person challenging a regulation is substantially affected by it. A regulation is an invalid exercise of authority only if one of the following applies:

- A university board of trustees materially failed to follow regulation development procedures set forth herein;
- The regulation does not comply with the law or contravenes the policies of the Board of Governors as specified in resolution, regulation, or strategic plan;
- The regulation vests unbridled discretion in the university board of trustees; or
- The regulation is arbitrary or capricious.

a. A petition challenging a state university regulation shall be filed with a university board of trustees, or its designee as indicated on its website. If the filed petition is not of sufficient specificity or does not state sufficient grounds to challenge a regulation, the petition may be dismissed, with or without leave to amend. If the petition is of sufficient specificity and states sufficient grounds to challenge a regulation, within 15 days after receiving the petition, if there are any disputed issues of material facts, the university board of trustees shall assign a hearing officer. The hearing officer shall conduct a hearing within 60 days thereafter unless the petition is withdrawn or a continuance is granted by agreement of the parties for good cause shown. If there are no disputed issues of material fact, the matter shall be referred to a university board of trustees or to its designee for resolution.

b. The failure of a state university to follow the regulation development procedures set forth in this procedure shall be presumed to be material; however, the state university may rebut this presumption by showing that the substantial interests of the petitioner and the fairness of the proceedings have not been impaired.

c. Hearings shall be *de novo* in nature and shall be conducted pursuant to the Model Rules of Procedure, Chapter 28-106, except if there is any conflict, this procedure controls. The petitioner must demonstrate by clear and convincing evidence that a policy is invalid. The petitioner shall be adverse to the state university. Other substantially affected persons may join the proceedings as interveners on appropriate terms which shall not unduly delay the proceedings.

d. Within 30 days after the hearing, the hearing officer shall issue a recommended order directed to the university board of trustees, which shall timely issue a final decision whether all or part of a regulation is invalid. If a regulation is declared invalid in whole or in part notice of the decision shall be given on its internet website.

2. Challenges to Unpromulgated University Regulations.

a. A petition challenging a statement of general applicability to guide the conduct or action of constituents or the public that has not been promulgated as a regulation shall be filed with the university board of trustees as indicated on its internet website. The petition shall include the text of the statement or a description of the statement and shall state with

particularity facts sufficient to show that the statement constitutes a regulation as defined in this procedure and that the university has not adopted the statement by these regulation development procedures.

b. Within 15 days after receipt of the petition, the university board of trustees shall assign a hearing officer who shall conduct a hearing in compliance with paragraph H1.c. within 30 days thereafter, unless the petition is withdrawn or a continuance is granted by agreement of the parties for good cause shown. If a hearing is held and the petitioner proves the allegations of the petition, the university board of trustees shall have the burden of proving that regulation development is not feasible. Regulation development shall be presumed feasible unless:

- The university has not had sufficient time to acquire the knowledge and experience reasonably necessary to address a statement by regulation development; or
- Related matters are not sufficiently resolved to enable the university to address a statement by regulation development.

c. Within 30 days after the hearing, the hearing officer shall issue a recommended order directed to the university board of trustees, which may determine that all or part of a statement should have been promulgated as a regulation under this procedure. The decision shall be published on the university internet website and all reliance on the statement or any substantially similar statement as a basis for action shall be discontinued.

d. If, prior to a recommended order of a hearing officer, the university board of trustees begins regulation development under this procedure to

address the statement, a presumption is created that the board of trustees is acting expeditiously and in good faith to adopt the regulation(s) that address the statement, and reliance upon the statement or any substantially similar statement as a basis for action shall be permitted.

e. If the university board of trustees fails to approve regulations that address the statement within 180 days after publishing notice of proposed regulation(s), for the purposes of the regulation challenge proceeding, a presumption is created that the university is not acting expeditiously and in good faith to adopt regulation, and the case should proceed to a final hearing.

## I. Emergency Regulations

1. Adoption

An emergency regulation may be adopted if there is an immediate danger to the public health, safety, or welfare under a procedure which is fair under the circumstances. The action taken must be only that necessary to protect the public interest in the emergency. At the time of, or prior to the state university's action, it must publish on its internet website the specific facts and reasons for concluding that the procedure is fair under the circumstances. An emergency regulation shall not be effective for a period longer than 90 days. However, the state university may take identical action under the regular regulation development procedure set forth herein.

2. Challenges

Within 7 days after receiving a petition from a substantially affected person challenging an emergency regulation, if the petition complies with the

requirements of paragraph H1.a., the university board of trustees shall assign a hearing officer. The hearing officer shall conduct a hearing in compliance with paragraph H1.c. within 20 days, unless the petition is withdrawn. Within 10 days of the hearing, the hearing officer shall issue a recommended order directed to the university board of trustees, which shall timely issue a final decision.

**J. Appeal**

Final decisions of the university boards of trustees may be challenged in a court of law pursuant to certiorari review under Florida Rule of Appellate Procedure 9.190(b)(3) only after exhausting the available administrative remedies under this procedure. Copies of Notices of Appeal shall be provided to the Board of Governors promptly upon service by the appellant.

**K. Designee**

Throughout this procedure, when the university board of trustees is referenced, the university board of trustees may name a designee or designees for any action, except that the university board of trustees may not delegate adoption of their regulations under Section D.

**L. Continuing Validity of Rules and Effective Date**

These procedures are effective on the date approved and will apply to any regulations finally adopted on or after that date. All university rules previously adopted under the Administrative Procedures Act at the time this procedure is approved by the Board of Governors shall be considered as validly adopted regulations under this procedure. Such rules are subject to Regulation Challenges as provided in Section H of this procedure. In addition, such rules

may be amended or repealed by using the processes set out in this procedure. All university rules which are subject to a pending rule challenge under the Administrative Procedures Act, at the time this procedure is approved by the Board of Governors, shall continue to be subject to the Administrative Procedures Act until final resolution.

Approved by the Florida Board of Governors this 21st day of July, 2005, amended September 16, 2020.