**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 1:26-cv-25395-JB/Torres

ICEBREAKERS, et al.,

Plaintiffs,

v.

JEANETTE NUÑEZ, et al.,

Defendants.

---

**OFFICIAL CAPACITY DEFENDANTS' SUGGESTION OF MOOTNESS**

***Introduction***

The official capacity claims are now moot. Plaintiffs sued to have this Court declare FIU Regulation 110(3) unconstitutional and to permanently enjoin its enforcement. But, on November 10, 2026, FIU's Board of Trustees unanimously approved an amendment that repealed Regulation 110(3), as previously drafted, and enacted in its place is a new regulation that prohibits only conduct that materially and substantially disrupts university operations or interferes with the rights of others—the very standards Plaintiffs say should govern. FIU has also dismissed the conduct cases against Plaintiffs. There is nothing left for this Court to declare unconstitutional or enjoin, making Plaintiffs' claims for prospective relief moot. Any consideration of the now-repealed Regulation 110(3) would seek only an advisory opinion. This Court should thus dismiss the official capacity claims for lack of jurisdiction. It should also vacate its order setting deadlines in the case, Doc. 37, pending resolution of qualified immunity issue concerning the individual capacity claims.

***Background***

**A. Florida International University and the November 2024 Version of Regulation FIU-110**

FIU regulates its campus and facilities to better serve its mission. For roughly eighteen years, some version of Regulation 110 has regulated expressive conduct on campus such as demonstrations. *See* FIU Regulation 110(1)(a) (Nov. 14, 2008), available at https://regulations.fiu.edu/wp-content/uploads/2025/11/FIU-110-2008-11-14.pdf. Regulation 110 has been amended over the years. Plaintiffs challenge one provision of that regulation adopted on November 25, 2024. That provision stated:

> To protect health, safety, and welfare and prevent disruption of University activities, protests, parades, marches, picketing, demonstrations, and other similar expressive activities are prohibited inside University buildings or other University indoor facilities. University buildings and other University indoor facilities are designed for instruction, study, reflection, group discussion, research, administrative

> functions, and other University activities and operations. This provision will be enforced in a content and viewpoint neutral manner.

Exhibit 1.

That 2024-version of Regulation 110 permitted expressive activities, as defined under 110(1), "in outdoor areas of campus so long as the conduct is lawful and does not materially and substantially disrupt the normal operations of the University or materially and substantially infringe upon the rights of others." *Id.* Regulation 110(6), in turn, reiterated that no outdoor expressive activities "may materially and substantially interfere with, disrupt, or impede the normal operations of the University or materially and substantially interfere with or infringe on the rights of others." *Id.*

**B. The Presidential Speaker Series and the Protest.**

On March 13, 2026, FIU hosted a live discussion as part of its "Presidential Speaker Series." *See* Compl. ¶ 37. The event featured FIU President, Jeanette Nuñez, and former professional baseball player and Miami-native, Alex "A-Rod" Rodriguez, in a large auditorium located in FIU's Student Academic Success Center. *Id.* Plaintiffs allege that during the event, they and other members of ICEBreakers stood up in unison, turned their backs to the speakers, and faced the rear of the auditorium. Compl. ¶ 38. They wore identical t-shirts bearing the message "ICE OFF FIU." *Id.* Plaintiffs allege they stood for "less than five minutes." Compl. ¶ 42.

After the incident, FIU initiated student conduct proceedings against the Individual Plaintiffs. Compl. ¶¶ 49-50. Defendant Rodriguez, in her capacity as an employee of FIU's Office of Student Conduct and Academic Integrity, informed the Individual Plaintiffs that they were being charged with violating Regulation 110. Compl. ¶¶ 49-50. Defendant Parra served as a hearing officer in a student conduct hearing, where the Student Conduct Committee found six of the seven Individual Plaintiffs responsible for failing to comply with Regulation 110(3) at the March 2026

event and required them to complete a two-minute "video reflection." Compl. ¶¶ 64-67. James Kuhlman's hearing was postponed at his request and then never held. *See* Compl. ¶ 64 n.1. The six Individual Plaintiffs appealed the decision and Defendant Hamilton, in his capacity as the assigned appellate officer, upheld the finding of responsibility on appeal. Compl. ¶ 68.

**C. This Litigation**

Plaintiffs thereafter sued FIU President Jeannette Nuñez and the chair of FIU's Board of Trustees, Carlos Duart, in their official capacities (the "Official Capacity Defendants") seeking declaratory and injunctive relief as to Regulation 110(3) and its enforcement. Compl. ¶¶ 17-18; Compl. at 12. Plaintiffs also sued Defendants Rodriguez, Parra, and Hamilton in their individual capacities, seeking monetary damages against these FIU employees for carrying out their duties within the student disciplinary process and for their alleged roles in finding Plaintiffs responsible for violating Regulation 110(3) (the "Individual Defendants"). Compl. ¶¶ 19-21. Plaintiffs do not seek damages from the Official Capacity Defendants. *See* Compl. at 12.

Plaintiffs sought a preliminary injunction as to Regulation 110(3) and their discipline. Doc. 4. This Court granted the motion and enjoined FIU from enforcing Regulation 110(3) against Plaintiffs. Doc. 20 at 28. Defendants then moved to dismiss Plaintiffs' complaint, primarily on the grounds that qualified immunity applies to the Individual Defendants. Doc. 24. That motion remains pending. This Court then set deadlines for the case but stayed all deadlines as to the Individual Defendants pending resolution of the motion to dismiss. Docs. 37, 39.

**D. FIU's Amendment of Regulation 110.**

FIU subsequently amended Regulation 110 through its ordinary regulatory process. More specifically, as reflected by FIU's notice to this Court, on September 8, 2026, FIU formally began a review and revision of Regulation 110. Doc. 32. To amend any regulation, FIU had to provide

thirty days' notice in advance of a FIU Board of Trustees Meeting where the amendment is presented. *Id.* FIU published a Notice of Proposed Amendment on October 9, 2026. Exhibit 2. FIU's Board of Trustees took up the proposal at its meeting on November 10, 2026. FIU Board of Trustees Meeting at 19:55-29:30 (Nov. 10, 2026). The recording of this meeting is available online at 11/10/26 Florida International University Board of Trustees Meeting - The Florida Channel. Citations to this meeting refer to timestamps in the recording.

At the meeting, FIU's Acting General Counsel, Ryan Kelley, first presented the proposed amendments to the Academic Policy and Student Affairs Committee. Mr. Kelley explained to the committee that the goal of the revision was to improve Regulation 110 through the use of clearer markers from the case law. *Id.* at 20:10-21:02. A board member went on to pose several questions on behalf of FIU's Faculty Senate, leading to a robust discussion of the proposed amendments. During this discussion, Mr. Kelley emphasized that the amended regulation now relies solely on the substantial and material disruption standard; that there is "no presumption of disruption" under the amended regulation; and that regardless of the type of activity, the burden of establishing a prohibited disruption does not shift to a student. *See id.* at 21:14-28:35. After that discussion, the committee approved the amendment to be heard and adopted by the full board. *Id.* at 28:50-29:30. The full board approved the amendment without objection. *Id.* at 1:05:30-1:06:23. Amended Regulation 110 is now operative and has replaced the November 2024 version of Regulation 110.

Most relevant for this Court's consideration is that FIU's Board of Trustees voted to replace the 2024-version of Regulation 110(3) with what is now FIU 110(2). The new provision reads:

> 2. University buildings and other indoor facilities are designed for instruction, study, reflection, group discussion, research, administrative functions, and other University activities and operations.
>
> > a. While expressive activities are permitted within University buildings and other indoor facilities, certain types of conduct such as parades, marches, picketing, and demonstrations, have the potential to be disruptive when they

> occur indoors. *Any conduct that materially and substantially interferes with, disrupts, or impedes the normal operations of the University, or materially and substantially interferes with or infringes on the rights of others, as set forth in Section 6 of this Regulation, is prohibited inside University buildings or University indoor facilities*.
>
> b. This provision will be enforced in a content- and viewpoint- neutral manner.
>
> c. This provision does not prohibit gatherings from taking place in common, public and/or non-reservable areas that are typical for the area, do not impact individuals other than the individuals participating in the gathering, and do not cause a substantial disruption.
>
> d. The University may implement and enforce reasonable content- and viewpoint- neutral rules governing conduct that may incidentally limit the time, place, and manner of expressive activities within indoor facilities. All persons and groups using those buildings and facilities are required to comply with such rules.

Exhibit 3 (emphasis added).

Based on this revision to Regulation 110, and consistent with Florida law, on November 17, 2026, FIU voluntarily dismissed the disciplinary charges, findings, and sanctions as to the Individual Plaintiffs. Exhibit 4. Continued enforcement of the now-repealed language of Regulation 110 no longer furthers the educational and institutional objectives of FIU's student conduct system. *Id.* Plaintiffs therefore do not have to complete their video reflections, and no sanctions remain from the prior disciplinary proceedings. *Id.* FIU will not take any other disciplinary action against Plaintiffs in connection with the March 13, 2026 demonstration because the regulation that served as the basis for that action has changed. Plaintiffs' academic records also reflect no holds or disciplinary information relating to that conduct case. *Id.*

***Legal Standard***

Article III of the Constitution "provides that the judicial power of the United States federal courts shall extend only to 'cases' and 'controversies.'" *Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005) (quoting *Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320,

1327 (11th Cir. 2004)). An "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Flanigan's Enters. v. City of Sandy Springs*, 868 F.3d 1248, 1255 (11th Cir. 2017) (en banc) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)) *abrogated on other grounds by Uzuegbunam v. Preczewski*, 592 U.S. 279 (2021).

"Mootness is among the important limitations placed on the power of the federal judiciary" and "[b]y its very nature, a moot suit 'cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it.'" *City of Miami*, 402 F.3d at 1332 (quoting *Coral Springs*, 371 F.3d at 1328). When a change in circumstances or "when a subsequent law brings the existing controversy to an end[,] the case becomes moot and should be treated accordingly." *See id.* (quoting *Coalition for the Abolition on Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1310 (11th Cir. 2000)). That is, "[b]ecause mootness is jurisdictional, a moot case must be dismissed." *Purpose Built Fams. Found., Inc. v. United States*, 95 F.4th 1346, 1352 (11th Cir. 2024) (internal quotes and quotation omitted).

***Argument***

The prospective relief Plaintiffs seek against the Official Capacity Defendants targets the 2024 version of Regulation 110(3). Because FIU has replaced that provision and dismissed the student-conduct sanctions, nothing remains for this Court to decide. "[T]he Supreme Court has many times held that amendments or revocation of challenged legislation renders the lawsuit moot and deprives the court of jurisdiction." *City of Miami*, 402 F.3d at 1332-33; *see also Coral Springs*, 371 F.3d at 1329 (collecting cases). The same principles apply to revisions of university rules, regulations, and even policies. *Beta Upsilon Chi Upsilon Chptr. v. Machen*, 586 F.3d 908, 916-18 (11th Cir. 2009). In *Beta Upsilon Chi Upsilon*, for example, the Eleventh Circuit dismissed an

appeal as moot where the University of Florida modified a policy preventing a plaintiff organization from registering. *Id.*

Start with the relief Plaintiffs seek. Plaintiffs ask this Court to "[d]eclare FIU Regulation 110(3) unconstitutional in violation of the First Amendment" and to "[e]njoin Defendants Nuñez and Duart from enforcing Regulation 110(3) against Plaintiffs or other ICEBreakers members." Compl. at 12. Those requests for relief rest on a narrow legal challenge to the prior version of Regulation 110(3), which Plaintiffs call a "blanket ban on expressive activities indoors." *See* Compl. ¶¶ 50-52, 73-75, 85-87, 92. While FIU disagrees with that characterization, the challenged language is gone. On November 10, 2026, FIU's Board of Trustees formally approved an amendment that removed and replaced it with Regulation 110(2). The new regulation applies a disruption-based test for both indoor and outdoor expressive activities. And the new regulation is only triggered when conduct or expressive activities materially and substantially disrupt FIU's operations or interfere with the rights of others. Exhibit 3

Plaintiffs do not challenge FIU's authority to regulate conduct or expression that materially and substantially disrupts. In fact, they insist that such a disruption-based standard is the only kind of regulation that FIU can impose. *See, e.g.*, Doc. 4 at 6-7. None of the "challenged features" of Regulation 110 therefore remain. And in the interest of proper administration of its student conduct code, FIU has also dismissed the conduct cases against Plaintiffs and rescinded the applicable sanctions. That eliminates any lingering effect from the prior regulation.

Together, this means that the official-capacity claims are moot. Any ruling on the constitutionality of the now-removed provision would be nothing more than an advisory opinion. *See City of Miami*, 402 F.3d at 1332. That is especially so because Plaintiffs cannot seek any damages from the Official Capacity Defendants; the Eleventh Amendment bars such damages. *See Perfect Keto*

*LLC v. Univ. of S. Fla. Bd. of Trs.*, No. 8:21-cv-1295, 2022 U.S. Dist. LEXIS 34594, at *6 (N.D. Fla. June 3, 2026) ("It is well settled in Florida that state universities, and their boards of trustees, are arms of the state that are entitled to Eleventh Amendment immunity.") (citing *Crisman v. Fla. Atlantic Univ. Bd. of Trs.*, 572 F. App'x 946, 949 (11th Cir. 2014)).

Nor does the voluntary-cessation doctrine apply. Generally, the "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, *i.e.*, does not make the case moot." *Sec'y of Labor v. Burger King Corp.*, 955 F.2d 681, 684 (11th Cir. 1992) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953)). But the voluntary-cessation doctrine has an exception: a moot case cannot be saved where there is "no reasonable expectation that the voluntarily ceased activity will, in fact, actually recur after the termination of the suit." *Troiano v. Supervisor of Elections*, 382 F.3d 1276, 1283 (11th Cir. 2004) (citing *W.T. Grant Co.*, 345 U.S. at 633). And when government defendants "voluntarily stop the challenged conduct, a rebuttable presumption arises that they will not reengage in it"—meaning there's a presumption that the voluntary-cessation doctrine does not apply to government defendants. *Keister v. Bell*, 29 F.4th 1239, 1250 (11th Cir. 2022) (citing *Troiano*, 382 F.3d at 1283); *see also Harrell v. Fla. Bar*, 608 F.3d 1241, 1266 (11th Cir. 2010) (unambiguous termination of policy will moot a case "in the absence of some reasonable basis to believe that the policy will be reinstated if the suit is terminated") (quoting *Troiano*, 382 F.3d at 1283-85).

As governmental actors, FIU's Official Capacity Defendants benefit from that presumption, just as the defendants in *Beta Upsilon Chi Upsilon*. That makes sense. After all, FIU followed its usual rulemaking process to unambiguously eliminate the prohibition at issue in Regulation 110(3). There was notice, an opportunity to comment, and a public meeting where FIU's Board of Trustees voted to replace the challenged language. The vote took place after a member of the board

asked clarifying questions on behalf of the faculty. This is exactly the kind of scenario where courts have found cases moot. The formal repeal of a statute—or a regulation like this one—"is one of those events that make it absolutely clear that the allegedly wrongful behavior" "could not reasonably be expected to recur." *Flanigan's Enters.*, 868 F.3d at 1256 (quoting *Harrell*, 608 F.3d at 1265-66). FIU's recission of Plaintiffs' discipline likewise moots any challenge to those sanctions; the sanctions are "dismissed." *Cf. Purpose Built Fams. Found., Inc. v. United States*, 95 F.4th 1346, 1352-53 (11th Cir. 2024) ("Without doubt, agency action can render moot what was once a viable case.") (quotations omitted).

Once the presumption applies, a plaintiff then bears the burden of showing that their action is not moot. That requires more than speculation that the challenged law or policy will return. *See Flanigan's Enters.*, 868 F.3d at 1256 (citing *City of Miami*, 402 F.3d at 1334). It requires a plaintiff to show a "substantial likelihood that the offending policy will be reinstated if the suit is terminated." *Troiano*, 382 F.3d at 1283-84. The Eleventh Circuit looks to three broad factors in assessing that burden. The first is whether the change "resulted from substantial deliberation" or is just an effort to "manipulate" the court's jurisdiction. *Flanigan's*, 868 F.3d at 1257. Considerations under this factor include the timing of the repeal, procedures implemented to enact the repeal, and any reasons independent of the litigation for the repeal. *Id.* The second asks whether the change is "unambiguous"—i.e., whether the action is "both permanent and complete." *Id.* The third considers whether "the government has consistently maintained its commitment to the new policy or legislative scheme." *Id.* No factor is exclusive or dispositive. *Id.* Courts ultimately consider the totality of the circumstances in making their determination. *Id.*

All three factors support dismissal in this case.

First, FIU amended its regulation through a formal process that followed the Florida Board of Governors' uniform procedures for amending university regulations. FIU reviewed the prior regulation and published of the proposed amendment to its website 30 days in advance of a publicly noticed meeting, providing an opportunity for public comment. FIU's Acting General Counsel, Mr. Kelley, articulated the basis for the amendment at the board's public meeting and answered specific questions from the board about the amendment's text. FIU Board of Trustees Meeting at 20:10-21:02, 21:14-28:35 (Nov. 10, 2026). Mr. Kelley emphasized that in its review of Regulation 110, FIU looked for "clear markers" in the law and believed that the amendments make FIU's regulation "better." *Id.* at 20:20-20:45. Only then did the board take a vote to adopt the amendments. From start to finish, this process reflects FIU's "substantial deliberation," and this factor weighs in favor of a finding of mootness. *See Ft. Lauderdale Food not Bombs v. City of Ft. Lauderdale*, 11 F.4th 1266, 1284 (11th Cir. 2021) (noting that repeal through "normal legislative process, rather than in secrecy or behind closed doors" weighed this factor towards the government) (quotations omitted);

Second, FIU's removal of the challenged provision is unambiguous, and the amended regulation is now operative; FIU "has not merely declined to enforce the [Regulation] against these [Plaintiffs]" but "has removed the challenged portion in its entirety." *Flanigan's Enters.*, 868 F.3d at 1261-62. No further steps are needed to make the revised regulation effective. Any future amendment would also have to go through the same publication and consideration process. And the undersigned is authorized to represent that FIU has no intent to reinstate the 2024-version of Regulation 110(3) if this litigation is dismissed.

Third, though the amendment is recent, FIU has already taken steps demonstrating its commitment to the new policy. Following this Court's order enjoining enforcement of Regulation 110(3) against Plaintiffs, FIU paused enforcement of Regulation 110(3) for all students. FIU also began its review and amendment process shortly after this Court's order on Plaintiffs' motion for preliminary injunction and presented the amendment at the soonest board meeting that would allow for 30-days' notice. FIU also dismissed Plaintiffs' student conduct cases. *See id.* at 1262-63 (reasoning that while recent repeal left court unable to judge commitment to old scheme, court was sufficiently comforted by disavowal of intent to reinstate, as well as defendant's "demonstrated lack of commitment to enforcing old scheme") (emphasis in original); *see also Beta Upsilon Chi Upsilon*, 586 F.3d at 917-18 (university's modification of policy and subsequent registration of student organization based on modified policy rendered claims moot).

Considering the totality of the circumstances, there's no basis for this Court to conclude that FIU will reinstate the prior regulation or re-discipline Plaintiffs.

## ***Conclusion***

For these reasons, this Court should dismiss Defendants Nuñez and Duart from this action, along with Plaintiffs' official-capacity claims for declaratory relief and injunctive relief for lack of jurisdiction. This Court should also vacate the deadlines set forth in its September 30, 2026, order, Doc. 37, and stay all further proceedings until the resolution of the qualified immunity issues concerning Individual Capacity Defendants Rodriguez, Parra, and Hamilton.

## ***Certificate of Conferral***

Pursuant to Local Rule 7.1(a)(3), the undersigned certifies that, on November 18, 2026, counsel for Defendants conferred with counsel for Plaintiffs regarding the relief requested in this

filing via telephone and email. Plaintiffs indicated that they might be open to dismissal of the official capacity claims; however, they provided no formal position on the relief requested.

Respectfully submitted, Date: November 19, 2026

/s/ Mohammad O. Jazil
MOHAMMAD O. JAZIL (Fla. Bar No. 72556)
ALEXANDER M. PURPURO (Fla. Bar No. 1025872)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
119 S. Monroe Street, Suite 500
Tallahassee, FL 32301
(850) 270-5938
mjazil@holtzmanvogel.com
kgordon@holtzmanvogel.com

*Counsel for Defendants*

## LOCAL RULE 7.1(c) CERTIFICATION

The undersigned certifies that the foregoing does not exceed twenty pages.

/s/ Mohammad O. Jazil
Mohammad O. Jazil

## CERTIFICATE OF SERVICE

I certify that on November 19, 2026, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Mohammad O. Jazil
Mohammad O. Jazil