**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 26-cv-25395-JB

ICEBREAKERS, *et al.*,

*Plaintiffs*,

v.

JEANETTE NUÑEZ, *et al.*,

*Defendants*.
_____________________________/

**PLAINTIFFS' RESPONSE TO OFFICIAL CAPACITY DEFENDANTS' SUGGESTION OF MOOTNESS**

Plaintiffs briefly respond to the Official Capacity Defendants' Suggestion of Mootness (Dkt. No. 48). The Suggestion is itself now moot after Plaintiffs dismissed their claims against Defendants Nuñez and Duart (Dkt. No. 49). But Defendants ask for more than simply a finding of mootness. They also ask the Court to (1) "vacate the deadlines set forth in its September 30, 2026, order,"[1] and (2) "stay all further proceedings until the resolution of the qualified immunity issues concerning Individual Capacity Defendants Rodriguez, Parra, and Hamilton." Dkt. No. 48 at 12.[2] These additional requests should be denied.

"The proponent of a stay bears the burden of establishing its need," but Defendants do not even attempt to argue why a stay is needed. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Rather, they make a summary request with no "showing [of] good cause and reasonableness." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). "[A] defendant who requests a blanket stay of discovery must do more than simply point to the pendency of a dispositive motion: it must also make a specific showing of prejudice or burdensomeness." *Wilshire Ins. Co. v. Crestview Towers*

---

[1] It is unclear what vacating these deadlines would accomplish, since the Court already stayed these deadlines as to the individual defendants pending resolution of the motion to dismiss. Dkt. No. 39.

[2] Plaintiffs cite to the ECF pagination.

*Condo. Ass'n*, No. 21-cv-23214, 2023 WL 7129941, at *8 (S.D. Fla. Mar. 8, 2023) (citation omitted).

Since Defendants failed to make the required showing, the Court should deny their requests to vacate the deadlines and to stay the case. In the meantime, Plaintiffs are continuing document discovery against (now non-party) FIU, and do not intend to seek discovery against the Individual Defendants until the Court has resolved their motion to dismiss.[3]

Respectfully submitted November 23, 2026,

*/s/ Nicholas L.V. Warren*
Nicholas L.V. Warren (FBN 1019018)
Caroline A. McNamara (FBN 1038312)
Michelle Morton (FBN 81975)
Amy Godshall (FBN 1049803)
Daniel B. Tilley (FBN 102882)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-1769
nwarren@aclufl.org
cmcnamara@aclufl.org
mmorton@aclufl.org
agodshall@aclufl.org
dtilley@aclufl.org

Reid Levin (FBN 1038933)
**Reid Levin, PLLC**
P.O. Box 880682
Boca Raton, FL 33488
(561) 866-6089
reid@reidlevinpllc.com

Adam C. Saper (FBN 111750)
Miriam Fahsi Haskell (FBN 69033)
Alana Greer (FBN 92423)
**Community Justice Project**
3000 Biscayne Boulevard, Suite 106
Miami, FL 33137
(305) 907-7697
adam@communityjusticeproject.com
miriam@communityjusticeproject.com
alana@communityjusticeproject.com

James Slater (FBN 111779)
**Slater Legal PLLC**
9000 Dadeland Boulevard, Suite 1500
Miami, FL 33156
(305) 523-9023
james@slater.legal

*Counsel for Plaintiffs*

[3] In conferrals regarding Plaintiffs' document subpoena, FIU has taken the position that the Court has *already* stayed all discovery. Plaintiffs will submit that dispute to Judge Torres. But it is puzzling that Defendants are asking the Court for a stay, when they are simultaneously arguing that the case is already stayed to justify failing to fully respond to the subpoena.