**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 1:26-cv-25395-JB/Torres

ICEBREAKERS, et al.,

Plaintiffs,

v.

JEANETTE NUÑEZ, et al.,

Defendants.

---

**DEFENDANTS' REPLY TO**
**PLAINTIFFS' RESPONSE TO SUGGESTION OF MOOTNESS**

In apparent recognition that their claims against Defendants Nuñez and Duart are moot, Plaintiffs have voluntarily dismissed those claims. Doc. 49. Despite this concession, Plaintiffs submitted a response that mischaracterizes Defendants' filing and attempts to bolster their improper efforts to pursue discovery based on the remaining individual capacity claims.

A brief summary of the procedural background is warranted. On September 1, 2026, the parties filed a Joint Scheduling Report pursuant to Local Rule 16.1 and this Court's order. Doc. 23. Defendants objected to entry of a case schedule in light of their qualified immunity defense and Eleventh Circuit precedent clearly holding that discovery and proceedings should be stayed while qualified immunity is litigated. *Id.* at 1 (quoting *Howe v. City of Enterprise*, 861 F.3d 1300, 1302-03 (11th Cir. 2017)). Defendants filed a Motion to Dismiss on that basis. Doc. 24.

At the end of this Court's September 24, 2026, hearing on Defendants' Motion, the Court took up the parties' Joint Scheduling Report. The Court expressed that the "best course of action" "is for discovery . . . not to be pursued, with the case not to move forward as to [the individual capacity defendants] until I have decided the qualified immunity question." Exhibit 1 at 15:25-16:7 (Excerpts of Transcript of September 24, 2026 Hearing). The Court asked about a more limited stay based on Plaintiffs' claims against the Official Capacity Defendants. *Id.* at 16:21-18:7. The Court explained that the case could move forward solely as to the Official Capacity Defendants. *Id.* at 18:10-15 ("It seems to me it could move forward at least as to those two, even if I don't allow it to move forward. Because I think it's the more prudent course of action when there is a qualified immunity claim, not to let it proceed against them for now until I decided."); *see also id.* at 18:25-19:3 ("So I don't know of any case law that would prevent me -- or that would make it even unwise for me to allow the case and the scheduling order to be entered, at least with respect to the other two defendants.").

In response to concerns raised by Defendants' counsel regarding the potential mootness of the official capacity claims, the Court responded that "the way that, as you know, discovery works is, even if I allow -- if I enter the JSR, which means discovery proceeds to the two individuals sued in their official capacity, it takes 30 days to answer anything anyway," and advised that the Court would review the submitted Joint Scheduling Report before entry. *Id.* at 19:16-20:9.

Shortly after the hearing the Court entered an Order Setting, Trial, Calendar Call, Reference to Magistrate Judge, Pretrial Deadlines, Pretrial Procedures. Doc. 37. That same day, the Court, upon a *sua sponte* review of the record, entered a paperless order providing that "[a]ll deadlines set forth in the Court's Order Setting Trial, Calendar Call, Reference to Magistrate Judge, Pretrial Deadlines, and Pretrial Procedures, ECF No. 37, are hereby STAYED as to Defendants Amelia Rodriguez, Devin Parra, and Phillip Lloyd Hamilton pending resolution of the Motion to Dismiss, ECF No. 24. All deadlines remain in full force and effect as to the remaining Defendants." Doc. 39. These orders are consistent with the Court's discussion at the September 24 hearing, allowing the case to proceed against the Official Capacity Defendants and staying it as to the Individual Capacity Defendants.

On November 19, 2026, Defendants filed a suggestion of mootness explaining that the Court lacked jurisdiction over the Official Capacity Claims following FIU's amendment of the challenged regulation and its dismissal of the conduct proceedings as to the Individual Plaintiffs. Doc. 48. On that same basis, Defendants asked this Court vacate the schedule and stay proceedings pending resolution of Defendants' motion to dismiss. *Id.* at 11. *After* this filing, Plaintiffs voluntarily dismissed their claims against the Official Capacity Defendants. *See* Doc. 49.

Plaintiffs have conceded the mootness question, so Defendants address the requests for vacatur of the case schedule and for a stay of ongoing proceedings. Defendants agree that further

relief on those requests is unnecessary. Plaintiffs voluntarily dismissed the Official Capacity Defendants, thus any deadlines or ongoing proceedings based on those claims are likewise resolved. And this Court has stayed the remainder of this case as to the Individual Capacity Defendants. Defendants included these collateral requests because the Official Capacity Defendants were still part of this case at the time of filing. Defendants did not include a more robust argument for stay because the Court had already stayed this matter as to the Individual Capacity Defendants and the mootness arguments provided sufficient basis for any further stay as to the Official Capacity Defendants.

Yet, as Plaintiffs note, they are continuing to pursue discovery in this matter despite the fact that the Court stayed proceedings as to the Individual Capacity Defendants and that they have voluntarily dismissed the Official Capacity Defendants. *See* Doc. 51 at 2. This inclusion appears to be a transparent effort to lend credibility to Plaintiffs' efforts to continue with discovery as if nothing has changed in this case. There is no basis for Plaintiffs to pursue discovery at this point in the proceedings. The Court's statements at the September hearing and its subsequent orders make clear the Court allowed discovery to proceed solely on the Official Capacity Claims. *See* Exhibit 1 at 16:3-7, 16:24-17:2, 18:8-19:3, 19:16-25. Those claims are gone; Plaintiffs dismissed them voluntarily. Doc. 49. The only discovery Plaintiffs can legitimately pursue is on their claims against the Individual Capacity Defendants and the Court has stayed the scheduling order as to those Defendants. *Howe*, 861 F.3d at 1302-03; *Doe v. Baker County*, No. 3:23-cv-609, 2024 U.S. Dist. LEXIS 248073, at *3-5 (M.D. Fla. Nov. 21, 2024) ("district courts routinely stay discovery when immunity has been asserted") (collecting cases).

While Defendants maintain that the Court's statements at the September hearing and subsequent orders make clear that the surviving Individual Capacity Claims are stayed pending

resolution of Defendants' motion to dismiss, Defendants observe that further guidance from the Court may preserve party and Court resources given Plaintiffs' stated intent to submit this issue to Judge Torres. *See* Doc. 51 at 2 n.3.

Respectfully submitted, Date: November 24, 2026

/s/ Alexander M. Purpuro
MOHAMMAD O. JAZIL (Fla. Bar No. 72556)
ALEXANDER M. PURPURO (Fla. Bar No. 1025872)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
119 S. Monroe Street, Suite 500
Tallahassee, FL 32301
(850) 270-5938
mjazil@holtzmanvogel.com
apurpuro@holtzmanvogel.com
kgordon@holtzmanvogel.com

*Counsel for Defendants*

## LOCAL RULE 7.1(c) CERTIFICATION

The undersigned certifies that the foregoing does not exceed twenty pages.

/s/ Alexander M. Purpuro
Alexander M. Purpuro

## CERTIFICATE OF SERVICE

I certify that on November 24, 2026, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Alexander M. Purpuro
Alexander M. Purpuro