# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 26-cv-25395-JB

ICEBREAKERS, et al., ZOOM

PLAINTIFFS, September 24, 2026

vs. 2:56 p.m. - 3:24 p.m.

JEANETTE NUÑEZ, et al.,

DEFENDANTS. Pages 1 to 27

---

MOTION HEARING
BEFORE THE HONORABLE JACQUELINE BECERRA
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE PLAINTIFFS:

ACLU FOUNDATION OF FLORIDA, INC.
DANIEL B. TILLEY, ESQ., et al.
4343 West Flagler Street
Suite 400
Miami, Florida 33134

FOR THE DEFENDANTS:

HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC
MOHAMMAD O. JAZIL, ESQ.
119 S. Monroe Street
Suite 500
Tallahassee, Florida 32301

STENOGRAPHICALLY REPORTED BY:

LAURA E. MELTON, RMR, CRR, FPR
Official Court Reporter to the
Honorable Aileen M. Cannon
United States District Court
Fort Pierce, Florida

(Call to the order of the Court.)

COURTROOM DEPUTY: Calling case 26-cv-25395, ICEBreakers, et al., v. Nuñez, et al.

Counsel, please state your appearances, beginning with the plaintiff.

MR. TILLEY: Good afternoon, Your Honor. Daniel Tilley for plaintiffs. I'm joined here by a number of my co-counsel and clients.

MR. JAZIL: Good afternoon, Your Honor. Mohammad Jazil for the FIU defendants, and with me on Zoom is Mr. Ryan Kelley, the general counsel for the university.

THE COURT: All right. Thank you very much. I was wondering who that was without a tie. But, in any event.

So we're here today on the motion to dismiss. I went ahead and did it by Zoom. Mr. Jazil, I know that you had a conflict. I don't like Zoom, but I start an 8-week trial on Monday, and so it would be difficult to have you in-person. I would have just -- I would have just reset it to accommodate you, sir, but I didn't have a lot of time on my schedule in the next 10 weeks to reschedule it, so I thought we would just do it by Zoom.

I say that just so that you all don't think you should ask me for Zoom hearings because you're probably not going to get too many Zoom hearings.

So we have a motion to dismiss that was filed by the

Second, Your Honor, again, just to frame the question under Tinker, for QI purposes the question is whether Tinker's specific application to a content neutral, time, place, manner regulation in a university setting is a broad statement in the case law -- broad and clear statement in the case law.

And here again, Your Honor, I go back to Sasser, and I underscore, again, who the panel was and their description of how another case in another -- or, actually, the same broad principle from Tinker is clear enough. That -- so there that's -- in Sasser, the Eleventh Circuit panel went into great detail about the facts of prior cases and the facts of the case before it, and then it talked about Tinker in a -- in the context of a broad principle under the case law.

And so I think those two things are important here, and they sort of respond to an answer, some of the points my friends for the plaintiffs raised.

Other than that, Your Honor, I have got nothing further to add. The discussion in our reply focused on Holloman, for example. Holloman, I think, is the case that they rely on most. We have done our best in the reply to point out why Holloman is distinguished. While I'm not going to repeat those points -- Your Honor has read them. I have nothing further, but ask simply -- therefore, ask the motion be granted, at least as to the three individuals in their individual capacity.

THE COURT: Can I ask you a question? This is a --

more of like a process question, and then I will ask it to Mr. Tilley as well.

I understand that -- the motion to dismiss on the immunity grounds, would a best course of action -- and until I decide that case -- is for discovery not to -- not to be pursued, with the case not to move forward as to them until I have decided the qualified immunity question.

But you did agree to a schedule with respect to the other defendants.

What say you to the Court entering the scheduling the order so that the case can proceed, at least with respect to the other defendants, until I rule on the motion to dismiss?

MR. JAZIL: Your Honor, fair question. We've conferred with our clients, and the preference would be to stay the case because there is also Eleventh Circuit case law saying that, to the extent someone was sued both in an official and in an individual capacity, because it's the same person, you will be pursuing discovery against them, it's appropriate sometimes to stay discovery altogether. And I'm happy to provide a brief on that issue, Your Honor, as a motion for stay, if you --

THE COURT: Well, what I don't understand here, though, is that there is two defendants that are sued only in their official capacity, and three that are only sued only in their individual capacity. So I'm not sure that case law works because the case would certainly move forward and discovery

could move forward as to both Nuñez and Duart in their official capacities.

Mr. Tilley, what say you?

MR. TILLEY: Yes, I think that distinction is an important one that there is a distinction between those that were sued in their individual versus official capacities. And so, even if litigation against certain individuals in their individual capacity was disputed on appeal, that should not, in the ordinary course, permit discovery to continue against other individuals in other matters.

THE COURT: Yes, sir.

MR. JAZIL: Yeah, Your Honor, if I may add. The two individuals sued only in their official capacity are the university president and the head of the Board of Trustees. So these are two people who are least likely to have any discoverable information here on the First Amendment policy that's being challenged. And so we --

THE COURT: Really? The university president wouldn't have that information? I find that hard to believe.

MR. JAZIL: I don't think the university president or the head of the Board of Trustees would have the information on how long this policy has been in place, how this policy has been applied in other circumstances, and how many disciplinary cases they have had.

THE COURT: Okay. But that's true no matter what. So

even if I were to grant your motion, the case goes forward as to them too. And if they want to respond in discovery that they don't have any information, you know, Judge Torres will take that in up discovery; right? That doesn't go to the issue as to whether or not the case should proceed against them. You've only moved to dismiss the three in their individual capacity.

Given my schedule and when I think I will get to this -- I would like the case to proceed. I don't want to -- I don't want to stop the case from moving forward. It seems to me it could move forward at least as to those two, even if I don't allow it to move forward. Because I think it's the more prudent course of action when there is a qualified immunity claim, not to let it proceed against them for now until I decided. If I agree with you and they're dismissed, the case is moved forward. If I disagree with you and their case at least moves forward to summary judgment, I don't see how that is at issue. Because, quite frankly, there is no reason why the plaintiff can't seek discovery from them as -- even if they're not defendants; right? They could still be deposed as witnesses; right? The case could still move forward. They're not going to be deposed, I would think, in the next 30 days anyhow. But at least the case just isn't sitting, the whole case isn't sitting.

So I don't know of any case law that would prevent

me -- or that would make it even unwise for me to allow the case and the scheduling order to be entered, at least with respect to the other two defendants.

MR. JAZIL: Understood, Your Honor.

And, Your Honor, perhaps I could research the issue some more, and, if appropriate, file a motion for stay after the scheduling order has been entered. I would like to just take a look at the case law, Your Honor.

And secondly, Your Honor, the motion for stay I might file may lean on prudential considerations, where if the provision has been changed on November 10th and the individuals are tossed out from the case, it may make sense to just wait to see if the provision itself is changed, and see whether or not there is an official capacity case left as well. So -- but I hear Your Honor and I understand the concerns.

THE COURT: I hear you out as well, but the way that, as you know, discovery works is, even if I allow -- if I enter the JSR, which means discovery proceeds to the two individuals sued in their official capacity, it takes 30 days to answer anything anyway. That's probably going to get you past that November date. But at least the requests can start getting looked at, they can -- you know, everyone is just not sitting until November 11th where maybe nothing happens, number 1. Or waiting for me to issue this order, where, even if I grant your motion, the lawsuit is still going to proceed as to those two.

So I will take a look at the JSR that was submitted and the dates that are submitted. Sometimes I tinker with those dates myself to make sure that they're in keeping with my calendar.

So I will take a look at that. Like I said, my own calendar, because of this trial, gets pretty complicated through Thanksgiving. So I just want to make sure that I'm not leaving too many things in limbo while I turn to this criminal case now.

All right. Anything further on behalf of the plaintiffs, Mr. Tilley?

MR. TILLEY: No, Your Honor. Thank you.

THE COURT: Anything on behalf of the defendants?

MR. JAZIL: No, Your Honor. Thank you.

THE COURT: All right. Thank you very much. We are in recess.

(These proceedings concluded at 3:21 p.m.)

C E R T I F I C A T E

I hereby certify that the foregoing is an accurate transcription of the proceedings in the above-entitled matter.

DATE: 11-20-2026 /s/Laura Melton
LAURA E. MELTON, RMR, CRR, FPR
Official Court Reporter
United States District Court
Southern District of Florida
Fort Pierce, Florida